**Charles A. PARKS, Petitioner—
Appellant,**

v.

**Roy A. CASTRO, Warden,
Respondent—
Appellee.**

No. 04–17253.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

Charles A. Parks, Susanville, CA, pro se.

Harry Joseph Colombo, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent—Appellee.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

California state prisoner Charles A. Parks appeals pro se the district court's order denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the denial of a § 2254 petition, *see Schell v. Witek,* 218 F.3d 1017, 1022 (9th Cir.2000) (en banc), and we affirm.

Parks contends that the trial court violated his due process rights when it denied his motion to sever the two counts of burglary. While the California Court of Appeal concluded that the trial court erred as a matter of state law, we affirm the district court's finding that this error did not have a "substantial and injurious effect on the jury's verdict." *See Sandoval v. Calderon,* 241 F.3d 765, 772 (9th Cir.2000) (quoting *Bean v. Calderon,* 163 F.3d 1073, 1086 (9th Cir.1998)).

Parks also contends that he is entitled to relief because the trial court erred in permitting the prosecutor to instruct the jurors that the evidence was cross-admissible. While the statement made during closing arguments was improper, this trial error did not have a "a substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Last, Parks contends that the state court erred in denying his motion for substitution of counsel filed after his trial began. Parks received new counsel for this hearing and was given a full opportunity to argue for the appointment of new counsel. *See Schell,* 218 F.3d at 1025–27 (concluding failure to conduct an inquiry results in constructive denial of counsel and constitutes error). To the extent Parks is claiming that he was deprived of his Sixth Amendment right to counsel because of a conflict or breakdown in communication, or because counsel provided deficient performance, Parks has not met his burden in developing a sufficient record upon which to base those claims, and we deny relief. *See id.* at 1026.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.